UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL S. DILL,<br><br>    Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:13-cv-00093-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Michael S. Dill's Petition for Writ of Habeas Corpus (Dkt. 2). Respondent has filed a Motion for Summary Dismissal. (Dkt. 12). Petitioner has not responded to the Motion. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on August 14, 2013, and October 1, 2013 (Dkt. 10 & 11). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

  Having carefully reviewed the record, including the state court record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case.

**MEMORANDUM DECISION AND ORDER 1**

**BACKGROUND**

The facts underlying Petitioner's convictions are set forth in *Dill v. State*, Docket No. 38979, Op. 564 (Idaho Ct. App. March 28, 2012) (unpublished), which is contained in the record at State's Lodging A-5. The facts will not be repeated here, except as necessary to determine the procedural issues at hand.

Petitioner pleaded guilty in the Seventh Judicial District in Bingham County, Idaho, to burglary and rape. (State's Lodging A-5; C-1 at 1.) On April 19, 2004, he was sentenced to twelve years imprisonment with three years fixed; the trial court suspended that sentence and retained jurisdiction. (State's Lodging C-1 at 2.) Evidently, the trial court later relinquished jurisdiction and imposed the underlying sentence. Petitioner did not appeal his conviction or sentence. (State's Lodging A-5 at 1.)

On January 12, 2010, Petitioner filed a state petition for postconviction relief. (State's Lodging B-1.) The state district court dismissed the petition as untimely because it was not filed within one year after the conviction became final as required by Idaho Code § 19-4902. (State's Lodging B-7 at 2.) Petitioner did not appeal.

Petitioner filed a successive petition for state postconviction relief on February 14, 2011. (State's Lodging A-1 at 2.) The court dismissed the successive petition on May 31, 2011. (*Id*. at 64-66.) The Idaho Court of Appeals affirmed. (State's Lodging A-5). The Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur on May 9, 2012. (State's Lodging A-8 & A-9.)

**MEMORANDUM DECISION AND ORDER  2**

Petitioner filed his federal Petition, at the earliest, on February 26, 2013. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court). Petitioner asserts two claims: (1) that he was denied his Sixth Amendment right to effective assistance of counsel; and (2) that his guilty plea was involuntary because he was taking psychotropic medication at the time he entered it. (Pet. at 6-7.)

Respondent contends that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. The Petition was filed after the one-year statute of limitations had run. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

## DISCUSSION

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such a case, the Court construes the facts in

the light most favorable to the petitioner.

**2.      The Petition Was Not Timely Filed**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's case involves subsection (d)(1)(A). Because he did not appeal his conviction, that conviction became final on the date of the expiration of the time for seeking direct review. Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court

**MEMORANDUM DECISION AND ORDER  4**

has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—*when the time for pursuing direct review in this Court, or in state court, expires*.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (emphasis added).

Under Idaho law, Petitioner's conviction became final on May 31, 2004, 42 days after the district court entered the judgment of conviction. *See* Idaho Appellate Rule 14; *State v. Armstrong*, 195 P.3d 731, 733 (Idaho Ct. App. 2008). Therefore, absent tolling, the statute of limitations for filing a federal petition challenging Petitioner's conviction expired on May 31, 2005.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for statutory tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running

**MEMORANDUM DECISION AND ORDER 5**

on the filing date of the state court action and resumes when the action is completed. Any postconviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Further, a state postconviction petition cannot resurrect the federal statute of limitations if the limitations period has already expired at the time the state petition is filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

If, after applying any statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. The limitations period may also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

"Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration

omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

In addition, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

Petitioner has not shown that he is entitled to either statutory or equitable tolling, nor has he met his high burden of showing that he may be actually innocent of the crimes to which he pleaded guilty. Indeed, Petitioner has not responded at all to Respondent's Motion for Summary Dismissal. It is clear from the record that Petitioner did not file a timely state postconviction petition or other application for collateral review. Further, his untimely postconviction petition was filed long after the statute of limitations had already run. Because Petitioner filed his federal Petition more than seven years after his conviction became final, and because neither tolling nor the actual innocence exception

**MEMORANDUM DECISION AND ORDER 7**

applies, the Petition must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition with prejudice as barred by AEDPA's one-year statute of limitations.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 32) is GRANTED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **March 11, 2014**

Honorable B. Lynn Winmill
Chief U. S. District Judge